Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
Yaman Salahi (SBN 288752)
ysalahi@edelson.com
Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO MATA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DIGITAL RECOGNITION NETWORK, INC., a Delaware corporation,<br><br>*Defendant*. | Case No.: 3:21-cv-01485-JLS-BLM<br><br>**PLAINTIFF'S NOTICE OF INTENT TO NOT AMEND PLEADINGS**<br><br>Honorable Janis L. Sammartino<br>Courtroom 4D |

On March 25, 2022, the Court granted in part and denied in part Defendant Digital Recognition Network, Inc.'s motion to dismiss. *See* Dkt. 13. The Court, *sua sponte,* held that Plaintiff's allegations did not satisfy Article III's standing requirements, precluding federal jurisdiction over this matter. *Id.* at 10. Nevertheless, the Court held that "because the Court finds that Plaintiff could allege

facts in an amended complaint to establish standing and solidify this Court's jurisdiction, the Court finds that remand is not required at this time." *Id.* (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1060 (9th Cir. 2011)).  The Court then reviewed the merits of Plaintiff's claims, and ultimately ordered that Plaintiff may file an amended complaint within 30 days, and that failure to do so would result in "a final order dismissing this civil action." *Id.* at 15.

Plaintiff files this notice to inform the Court and Defendant that he does not intend to file an amended complaint alleging additional facts in support of federal jurisdiction.  Plaintiff originally filed this case in San Diego Superior Court. Defendant removed this case to federal court asserting federal jurisdiction under the Class Action Fairness Act (CAFA) of 2005, *see* Dkt. 1, but then proceeded to argue in its motion to dismiss that Plaintiff had not adequately alleged an actionable harm, *see* Dkt. 4-1 at 5.  By removing the case, Defendant is the proponent of federal jurisdiction and bears the burden of demonstrating Article III standing.  *Siglin v. Sixt Rent a Car, LLC*, No. 20CV503 DMS (BLM), 2020 WL 3468220, at *2 (S.D. Cal. June 25, 2020) ("As the removing party, Defendant assumes th[e] burden [of demonstrating Article III standing]."); *see also Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 620 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020).

Although Plaintiff respectfully disagrees that he has not alleged he was harmed by Defendant's conduct, it is not his burden to demonstrate standing.  Upon making the finding that Article III was not satisfied, the Court was obligated to remand the case to state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("[T]he district court generally *must* remand the case to state court, rather than dismiss it.  Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to

adjudicate the matter. State courts are not bound by the constraints of Article III. The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.") (emphases in original, citations omitted); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."); *see also* Dkt. 9 at 10 n.2.[1]

Therefore, Plaintiff respectfully submits that the Court should remand this case because it does not have jurisdiction to enter a final order of dismissal, and should vacate the portion of its dismissal order addressing the merits of Plaintiff's claims. *See, e.g., Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1044 n.1 (9th Cir. 2011) (explaining that "any decision on the merits must be vacated" where entered notwithstanding lack of jurisdiction); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (holding that court "must vacate" district court decision where it "lacked jurisdiction to consider [the] claims"); *Orff v. United States*, 358 F.3d 1137, 1141 (9th Cir. 2004) ("Because the district court lacked jurisdiction to entertain those claims, we vacate the district court's rulings on the merits of those claims.").

Dated: March 30, 2022

Respectfully submitted,

**GUILLERMO MATA**, individually and on behalf of all others similarly situated,

By: */s/ Yaman Salahi*

---

[1] Although the Court's order cited *Maya* for the proposition that remand to state court was not required because standing defects could potentially be cured through amendment, *Maya* involved a remand from the Ninth Circuit to the district court to give the plaintiffs an opportunity to amend their complaint. *Maya* did not discuss remand from a federal court to state court.

|   |   |
|---|---|
| 1 | One of Plaintiff's Attorneys |
| 2 | Rafey S. Balabanian (SBN 315962) |
|   | rbalabanian@edelson.com |
| 3 | Yaman Salahi (SBN 288752) |
|   | ysalahi@edelson.com |
| 4 | Aaron Lawson (SBN 319306) |
|   | alawson@edelson.com |
| 5 | EDELSON PC |
|   | 150 California Street, 18th Floor |
| 6 | San Francisco, California 94111 |
|   | Tel: 415.212.9300 |
| 7 | Fax: 415.373.9435 |

*Counsel for Plaintiff and the Proposed Class*