UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO MATA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL RECOGNITION NETWORK, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 21-CV-1485 JLS (BLM)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND (2) REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF No. 14) |

Presently before the Court is Plaintiff Guillermo Mata's Notice of Intent to Not Amend Pleadings ("Mot.," ECF No. 14), which the Court, in its discretion, construes as a motion to reconsider its March 25, 2022 Order ("Order," ECF No. 13). Also before the Court are Defendant Digital Recognition Network, Inc.'s Opposition to ("Opp'n," ECF No. 16) and Plaintiff's Reply in support of ("Reply," ECF No. 17) the Motion. The Court took the matter under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 15. Having considered the Parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action.

## BACKGROUND

The Court provided a thorough recitation of the relevant facts and procedural history in its March 25, 2022 Order, which the Court incorporates by reference here. *See* Order at 2–3.

On March 25, 2022, the Court granted in part and denied in part Defendant's motion to dismiss. *See generally* Order. As relevant to the instant Motion, the Court expressed concerns about whether Plaintiff adequately pleaded Article III standing. *See id.* at 8–10. However, the Court indicated that remand was not required at this time, "because the Court finds that Plaintiff could allege facts in an amended complaint to establish standing and solidify this Court's jurisdiction." *Id.* at 10 (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1060 (9th Cir. 2011)). After analyzing the remainder of Defendant's motion, the Court granted Plaintiff leave to amend, but noted that, "[s]hould Plaintiff fail to file an amended complaint within thirty (30) days of the date on which this Order is electronically docketed, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment." *Id.* at 15 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005)) (emphases removed). Thereafter, on March 30, 2022, Plaintiff filed the instant Motion. The Court construed Plaintiff's Motion as a request for reconsideration and set a briefing schedule for the Motion. *See* ECF No. 15.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff's Motion indicates "that he does not intend to file an amended complaint alleging additional facts in support of federal jurisdiction," as Plaintiff initiated this action in state court and it is Defendant's burden, as the removing party, to demonstrate Article III standing. Mot. at 2. Accordingly, "Plaintiff respectfully submits that the Court should remand this case because it does not have jurisdiction to enter a final order of dismissal, and should vacate the portion of its dismissal order addressing the merits of Plaintiff's claims." *Id.* at 3 (citations omitted). Defendant opposes, arguing that that the Court can properly dismiss for lack of statutory standing instead of remanding to state court. Opp'n at 1–4. Defendant also contends that the futility doctrine permits the Court to dismiss rather than remand. *Id.* at 4–5. In his Reply, Plaintiff argues that remand is required, *see* Reply at 1–7, and that the futility doctrine, even if still good law, does not apply here, *see id.* at 7–9.

The Court erred in stating that it would dismiss Plaintiff's action if Plaintiff failed to file an amended complaint within the allotted timeframe. Order at 15. The Court correctly noted previously in its Order that remand, rather than dismissal, is the appropriate action when a court finds it lacks jurisdiction over a removed case; thus, the Court should have stated that it would remand, rather than dismiss, this action should Plaintiff fail to amend. *See id.* at 10. Accordingly, the Court **GRANTS** Plaintiff's Motion. Further, given that Plaintiff has indicated he does not intend to amend his Complaint to remedy the standing concerns raised by the Court—*see generally* Mot.; *see also* Order at 8–10—the Court finds that it lacks subject matter jurisdiction and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion (ECF No. 14) and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.  In light of this disposition, the Court **VACATES** the portion of its Order analyzing the merits of Plaintiff's claims.  *See* ECF No. 13 at 11–15.  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 6, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge